JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:11-cv-00284-JHN -OPx | Date | March 28, 2011 |
|---|---|---|---|
| Title | Norma Berg v. The Home Depot USA Inc et al | | |

| Present: The Honorable | JACQUELINE H. NGUYEN | | |
|---|---|---|---|
| Alicia Mamer | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:       Attorneys Present for Defendants:

Not present                              Not present

**Proceedings:**   ORDER REMANDING CASE TO SAN BERNARDINO SUPERIOR COURT
(In Chambers)

On March 8, 2011, this Court issued an Order to Show Cause why this action should not be remanded to state court for failure to timely remove. (Docket no. 8.) Under 28 U.S.C. § 1446(b), a defendant must file a notice of removal within 30 days after the date of service of the initial pleading or the date on which defendant first had notice of removability. The Court ordered Defendant to show cause in writing by March 14, 2011 as to why this case should not be remanded to San Bernardino Superior Court for failure to file a notice of removal within 30 days. (*Id.; see also* Notice of Removal, (docket no. 1).) The Court cautioned Defendant that "[f]ailure of defendant to respond by the above date will result in the Court remanding this action to state court." (*Id.*) To date, Defendant has failed to respond and has therefore failed to comply with the Court's order.

Under Federal Rule of Civil Procedure 41(b), the Court may *sua sponte* dismiss an action for failure to prosecute or failure to comply with federal rules or a court order. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–33, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962). District courts have the inherent power to control their dockets and, '[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal of a case.'" *Ferdik v. Bonzelet*, 963 F. 2d 1258, 1260 (9th Cir. 1992) (citation omitted). In determining whether to dismiss a case for failure to prosecute or comply with a court order or rule, a court must weigh five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to respondents; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Pagtalunan v. Galaza*, 291 F. 3d 639, 642 (9th Cir. 2002).

Here, the first two factors–the public's interest in expeditious resolution of litigation and the court's need to manage its docket–weigh heavily in favor of remand because Defendant failed to comply with the Court's May 8, 2011 Order. Furthermore, the third factor, risk of prejudice to respondents, also supports remanding the action because Defendant was warned that failure to respond would result in remand and Defendant failed to provide a reasonable excuse for defaulting on the Court's order. While the fourth factor, the public policy favoring disposition of cases on their merits, may weigh against remand, the Court finds that remanding the action to state court provides a "less drastic alternative," in

**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:11-cv-00284-JHN -OPx | Date | March 28, 2011 |
|---|---|---|---|
| Title | Norma Berg v. The Home Depot USA Inc et al | | |

satisfaction of the fifth factor. In sum, the Court finds that the factors weigh in favor of remand.

**Accordingly, this matter is hereby REMANDED to the Los Angeles Superior Court.**


IT IS SO ORDERED.

| | | : | N/A |
|---|---|---|---|
| | Initials of Preparer | AM | |